Your Name: HIMANSHU CHOPRA
Address: PO BOX 274, Salt Lake City, Utah 84110
Phone Number: +1 (385) 451-8459
Fax Number:
E-mail Address: himanshuchopra001@gmail.com
Pro Se Plaintiff

FILED
MAY 23 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Paid
NP
3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIMANSHU CHOPRA<br>Plaintiff,<br>v.<br>AIRBNB, Inc., a Delware Corporation<br>Defendant. | Case Number [leave blank]<br>CV25-4416<br>COMPLAINT<br>DMR<br>DEMAND FOR JURY TRIAL<br>Yes ■ No ☐ |

## I. PARTIES

1. Plaintiff. [Write your name, address, and phone number. Add a page for additional plaintiffs.]

Name: Himanshu Chopra
Address: PO BOX 274, Salt Lake City, Utah 84110
Telephone: +1 (385) 451-8459

2. Defendants. [Write each defendant's full name, address, and phone number.]

Defendant 1:
Name: Airbnb., Inc., a Delware Corporation.
Address: 888 Brannan Street, San Francisco, CA 94103
Telephone:

Your Name: HIMANSHU CHOPRA
Address: PO BOX 274, Salt Lake City, Utah 84110
Phone Number: +1 (385) 451-8459
Fax Number:
E-mail Address: [illegible]001@gmail.com
Pro Se Plaintiff

FILED
MAY 23 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIMANSHU CHOPRA<br>Plaintiff,<br>v.<br>AIRBNB, Inc., a Delware Corporation<br>Defendant. | Case Number: [leave blank]<br>CV 25-4416<br>COMPLAINT<br>DMR<br>DEMAND FOR JURY TRIAL<br>Yes ☒ No ☐ |

I. PARTIES

1. Plaintiff. [Write your name, address, and phone number. Add a page for additional plaintiffs.]

Name: Himanshu Chopra

Address: PO BOX 274, Salt Lake City, Utah 84110

Telephone: +1 (385) 451-8459

2. Defendants. [Write each defendant's full name, address, and phone number.]

Defendant 1:

Name: Airbnb, Inc., a Delware Corporation.

Address: 888 Brannan Street, San Francisco, CA 94103

Telephone:

Defendant 2:

Name: ______

Address: ______

Telephone: ______

Defendant 3:

Name: ______

Address: ______

Telephone: ______

## II. JURISDICTION

Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.

3. My case belongs in federal court

☐ under federal question jurisdiction because it involves a federal law or right.

Which federal law or right is involved?

______

■ under diversity jurisdiction because none of the plaintiffs live in the same state as any of the defendants and the amount of damages is more than $75,000.

## III. VENUE

The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.

4. Venue is appropriate in this Court because:

☐ a substantial part of the events I am suing about happened in this district.

☐ a substantial part of the property I am suing about is located in this district.

☐ I am suing the U.S. government, federal agency, or federal official in his or her official capacity and

I live in this district.

■ at least one defendant is located in this District and any other defendants are located in California.

## IV. INTRADISTRICT ASSIGNMENT

This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka-McKinleyville. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka-McKinleyville division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.

1. Because this lawsuit arose in San Francisco County, it should be assigned to the San Francisco Division of this Court.

## V. STATEMENT OF FACTS

Write a short and simple description of the facts of your case. Include basic details such as where the events happened, when things happened and who was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.

vi.

On or about September 19, 2024, Plaintiff Himanshu Chopra traveled to New York for a planned vacation and reserved an Airbnb rental property located in Mount Vernon, New York, through the Defendant' s online platform.

vii

Plaintiff' s baggage, which contained high-value personal property including clothing, jewelry, electronics, a wedding ring intended for proposal, and his fiancée' s wedding dress, was checked at the JetBlue gate due to limited overhead cabin space.

viii

JetBlue delivered Plaintiff' s baggage on September 20, 2024, at approximately 10:29 PM to the front door of the Airbnb property. JetBlue provided photographic confirmation of the delivery.

☐ I live in this District.

☒ at least one defendant is located in this District and any other defendants are located in California

## IV. INTRADISTRICT ASSIGNMENT

This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka-McKinleyville. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka-McKinleyville division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.

1. Because this lawsuit arose in San Francisco County, it should be assigned to the San Francisco Division of this Court.

## V. STATEMENT OF FACTS

Write a short and simple description of the facts of your case. Include basic details such as where the events happened, when things happened and who was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 1. Use more pages as needed.

vi.

On or about September 19, 2024, Plaintiff Himanshu Chopra traveled to New York for a planned vacation and reserved an Airbnb rental property located in Mount Vernon, New York, through the Defendant's online platform.

vii.

Plaintiff's baggage, which contained high-value personal property including clothing, jewelry, electronics, a wedding ring intended for proposal, and his fiancée's wedding dress, was checked at the JetBlue gate due to limited overhead cabin space.

viii.

JetBlue delivered Plaintiff's baggage on September 20, 2024, at approximately 10:29 PM to the front door of the Airbnb property. JetBlue provided photographic confirmation of the delivery

ix

Plaintiff was residing in the basement unit of the multi-unit Airbnb property. Upon inquiry, the host falsely denied receipt of the baggage and failed to deliver it to Plaintiff.

x

Plaintiff later contacted JetBlue, who confirmed the delivery and informed Plaintiff that the host had accepted possession of the baggage. After further pressure from Plaintiff, the host admitted to having the bag in their possession.

xi

Plaintiff instructed the host to return the bag to JetBlue. The bag was recovered and transported to Miami, where Plaintiff was continuing his scheduled travel. Upon receiving the bag on September 28 2024, at Miami International Airport, Plaintiff discovered that multiple high-value items had been removed.

xii

The missing items included, but were not limited to: a black travel wallet containing approximately $8,500 in cash and currency, Plaintiff' s MacBook and Apple tablet, garments valued over $3,500, jewelry worth approximately $2,200, a wedding ring valued at approximately $1,600, and Plaintiff' s fiancée' s wedding dress wedding dress valued at $1,800.

xiii

In addition to the stolen items, Plaintiff incurred out-of-pocket expenses totaling over $2,500 for emergency clothing, luggage, and essentials due to the delayed delivery and unavailability of his property.

xiv

The host' s conduct included not only theft and misrepresentation, but also verbal abuse, threats, and physically expelling Plaintiff and his fiancée from the property after confrontation over the bag. Plaintiff captured portions of this incident on video.

xv

As a result of this incident, Plaintiff suffered severe emotional distress, anxiety, depression, and irreparable damage to his relationship with his fiancée. Plaintiff began therapy and treatment, incurring medical expenses in excess of $5,000 to date, which are ongoing.

xvi

On February 27, 2025, Plaintiff submitted a formal claim to Airbnb under the company's AirCover insurance policy, which advertises coverage for guest property loss and host misconduct up to $1,000,000.

xvii

As of the date of filing this complaint, Airbnb has failed to respond or compensate Plaintiff in any way despite clear evidence and multiple follow-ups.,

xviii

Airbnb, Inc. is responsible for screening, onboarding, and insuring hosts. Its AirCover policy constitutes a binding representation and contractual promise to guests for protection from precisely the type of host misconduct that occurred in this case.

xix

Airbnb's failure to act in good faith, indemnify Plaintiff, or hold its host accountable has caused Plaintiff substantial and ongoing damages, both financial and emotional

## VI. CLAIMS

**First Claim**

Name the law or right violated:

California Common Law of Contracts — Breach of Written Agreement (Terms of Service and AirCover Policy)

Name the defendants who violated it:

Airbnb, Inc.

Explain briefly here what the law is, what each defendant did to violate it, and how you were harmed. You do not need to make legal arguments. You can refer to your statement of facts.

The California common law of contracts, including enforceable obligations created through Airbnb's Terms of Service and its AirCover Policy, which promised up to $1,000,000 in guest protection for losses caused by host misconduct or property issues.

What the Defendant Did:

Airbnb, Inc. failed to honor its contractual promises to protect and reimburse me after I suffered property loss, emotional distress, and personal harm due to the wrongful actions of its host. Despite submitting my AirCover claim with supporting evidence on February 27, 2025, Airbnb never responded or compensated me.

How I Was Harmed:

Because Airbnb did not fulfill its promised guest protection, I suffered unreimbursed financial losses exceeding $7,800 (including stolen cash, electronics, and valuables) and out-of-pocket expenses over $2,500. I also suffered emotional harm, breakdown of a personal relationship, and incurred over $5,000 in medical and therapy expenses due to anxiety and distress resulting from the incident.

## Second Claim

Name the law or right violated:
California common law of negligence

Name the defendants who violated it:
Airbnb, Inc.

What They Did: Failed to act with reasonable care by:

Allowing a host with abusive and deceptive behavior to remain active on the platform

Failing to properly investigate your complaint or secure your property

How You Were Harmed: Emotional trauma, financial losses, therapy and medical expenses, and the breakdown of a personal relationship

Claim III — Conversion (Theft of Property)

Law Violated: California tort law — Conversion (wrongful exercise of control over personal property)

Defendant: Airbnb, Inc. (vicariously liable for its host)

What They Did: Host withheld your baggage, admitted to finding it, and returned it with many valuable items missing. Airbnb failed to act.

How You Were Harmed: Property valued over $8,000 was never returned.

Plantiff were denied compensation by Airbnb' s AirCover despite clear proof of misconduct.

Claim IV — Intentional Infliction of Emotional Distress

Law Violated: California tort law — Restatement (Second) of Torts § 46

Defendant: Airbnb, Inc. (vicariously liable for host)

What They Did: Host threatened, insulted, and kicked you and your fiancée out of the property. Airbnb ignored your claim, intensifying the harm.

How You Were Harmed: You experienced severe anxiety, emotional breakdown, and had to undergo ongoing therapy and medication.

Claim V — Violation of California Unfair Competition Law (UCL)

Law Violated: California Business & Professions Code § 17200

Defendant: Airbnb, Inc., What They Did:

Misrepresented the scope and reliability of the AirCover Policy as part of its guest protection marketing; failed to deliver promised coverage.

How You Were Harmed: I relied on Airbnb's marketing and booked a stay expecting protection: I were denied coverage, suffered significant financial and emotional damages, and lost trust in the platform.

Second Claim

Name the law or right violated:

California common law of negligence

Name the defendants who violated it:

Airbnb, Inc.

What They Did: Failed to act with reasonable care by:

Allowing a host with abusive and deceptive behavior to remain active on the platform

Failing to properly investigate your complaint or secure your property

How You Were Harmed: Emotional trauma, financial losses, therapy and medical expenses, and the breakdown of a personal relationship

Claim III — Conversion (Theft of Property)

Law Violated: California tort law — conversion (wrongful exercise of control over personal property)

Defendant: Airbnb, Inc. (vicariously liable for its host)

What They Did: Host unlawfully [illegible] your luggage, [illegible] and retained it with many valuable items. Airbnb failed to act.

How You Were Harmed: Property valued over $8,000 was never returned.

Plaintiff were denied compensation by Airbnb's AirCover despite clear proof of misconduct.

Claim IV — Intentional Infliction of Emotional Distress

Law Violated: California tort law — Restatement (Second) of Torts § 46

Defendant: Airbnb, Inc. (vicariously liable for host)

What They Did: Host threatened, insulted, and kicked you and your fiancée out of the property. Airbnb ignored your claim, intensifying the harm.

How You Were Harmed: You experienced severe anxiety, emotional breakdown, and [illegible] requiring therapy and medication

Claim V — Violation of California Unfair Competition Law (UCL)

Law Violated: California Business & Professions Code § 17200

Defendant: Airbnb, Inc., What They Did:

Misrepresented the scope and reliability of the AirCover Policy as part of its guest protection marketing, failed to deliver promised coverage.

How You Were Harmed: I relied on Airbnb's marketing and booked a stay expecting protection

I were denied coverage, suffered significant financial and emotional damages, and lost trust in the platform.

Copy this page and insert it where you need additional space.

3.An order requiring Airbnb to respond to and reform its handling of guest claims under the AirCover Policy, including prompt investigation and compensation procedures.

4.Any other relief the Court deems just and proper, including:

a)Costs of suit

b) Reasonable expenses for filing

c) Future medical support or monitoring, if needed

## VII. DEMAND FOR RELIEF

State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount, or describe the different kinds of harm caused by the defendant.

I respectfully ask the Court to enter judgment in my favor and against Defendant Airbnb, Inc., and award the following relief:

1.Monetary Damages in excess of $82,882.75, including:

a). Economic losses for property stolen or lost, including cash, jewelry, electronics, and clothing (over $7,800)

b). Out-of-pocket expenses for emergency purchases after the incident (over $2,500)

c). Medical and therapy expenses for emotional harm and anxiety (over $5,000 and ongoing)

d). Non-economic damages for emotional distress, pain, suffering, and irreparable harm to my relationship (estimated at $75,000)

2 .Punitive Damages as allowed by law, based on the defendant' s reckless disregard for my rights and failure to act in good faith under its guest protection policies.

## VIII. DEMAND FOR JURY TRIAL

Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.

■ Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: 05/19/2025 Sign Name: [signature]

Print Name: HIMANSHU CHOPRA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

450 Golden Gate Avenue, San Francisco, CA 94102

---

| | |
|---|---|
| **Himanshu Chopra,**<br>Plaintiff,<br><br>V.<br><br>**Airbnb, Inc.,** a Delaware Corporation,<br>Defendant. | **COMPLAINT FOR DAMAGES**<br><br>**Case No.:**<br><br>**Judge:**<br>(Jury Trial Demanded) |

---

## I. INTRODUCTION

This is a civil action for damages arising from Airbnb, Inc.'s failure to protect its guest from theft, harassment, and emotional injury caused by a host listed on its platform in Mount Vernon, New York. Despite photographic evidence that Plaintiff's baggage was delivered by JetBlue Airlines, the Airbnb host falsely denied receipt, withheld the bag, and later released it with high-value contents missing. This conduct was not only a breach of duty under Airbnb's Terms of Service and Community Standards, but also covered by Airbnb's advertised insurance policy, **AirCover**, which failed to indemnify Plaintiff for his losses.

---

## II. PARTIES

1. **Plaintiff**, Himanshu Chopra, is an individual and resident of Utah, who booked a short-term rental through Airbnb in Mount Vernon, NY.

2. **Defendant**, Airbnb, Inc., is a Delaware corporation with its principal place of business at **888 Brannan Street, San Francisco, CA 94103**.

---

## III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under **28 U.S.C. § 1332(a)** because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this District under **28 U.S.C. § 1391(b)(1)** and (b)(2) because Defendant maintains its headquarters in this district, and a substantial part of the events giving rise to the claims occurred pursuant to the contractual relationship formed through Airbnb's platform.

---

## IV. FACTUAL ALLEGATIONS

5. On or about September 19, 2024, Plaintiff traveled to New York and stayed at a property in Mount Vernon, NY, booked through Airbnb's platform.

6. JetBlue Airlines delivered Plaintiff's baggage to the Airbnb property on September 20, 2024, and provided photographic confirmation of delivery.

7. The Airbnb host falsely denied receipt of the baggage, withheld it for multiple days, and ultimately returned it after JetBlue intervened. Upon recovery, Plaintiff found multiple high-value items missing.

8. The incident caused Plaintiff to suffer economic damages exceeding $7,800, emotional distress, breakdown of a personal relationship, and medical expenses for anxiety and depression.

9. Despite repeated claims filed under Airbnb's AirCover policy (submitted February 27, 2025), Airbnb has failed to compensate Plaintiff or provide a formal response.

10. Airbnb, Inc., through its AirCover program, held itself out as providing **up to $1,000,000 in protection** for guest property and personal loss caused by host misconduct or negligence.

---

## V. CLAIMS FOR RELIEF

**Count I – Breach of Contract (Airbnb Terms & AirCover)**

## III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant maintains its headquarters in this district, and a substantial part of the events giving rise to the claims occurred pursuant to the contractual relationship formed through Airbnb's platform.

## IV. FACTUAL ALLEGATIONS

5. On or about September 18, 2024, Plaintiff traveled to New York and stayed at a property in Mount Vernon, NY, booked through Airbnb's platform.

6. JetBlue Airlines delivered Plaintiff's baggage to the Airbnb property on September 20, 2024, and provided photographic confirmation of delivery.

7. The Airbnb host falsely denied receipt of the baggage, withheld it for multiple days, and ultimately returned it after JetBlue intervened. Upon recovery, Plaintiff found multiple high-value items missing.

8. The incident caused Plaintiff to suffer economic damages exceeding $7,800, emotional distress, breakdown of a personal relationship, and medical expenses for anxiety and depression.

9. Despite repeated claims filed under Airbnb's AirCover policy (submitted February 27, 2025), Airbnb has failed to communicate Plaintiff or provide a formal response.

10. Airbnb, Inc., through its AirCover program, held itself out as providing up to $1,000,000 in protection for guest property and personal loss caused by host misconduct or negligence.

## V. CLAIMS FOR RELIEF

Count I – Breach of Contract (Airbnb Terms & AirCover)

11. Plaintiff entered into a binding agreement with Airbnb under its Terms of Service and AirCover policy.

12. Defendant breached its duties by failing to indemnify Plaintiff for a covered loss caused by the host's wrongful conduct.

**Count II – Negligence / Negligent Hiring, Supervision & Retention**

13. Airbnb had a duty to ensure the hosts on its platform were trustworthy and responsive.

14. Defendant failed to prevent foreseeable harm caused by a negligent or malicious host.

**Count III – Conversion (Vicarious Liability)**

15. The host wrongfully retained and converted Plaintiff's baggage and property. Airbnb, as principal, is vicariously liable.

**Count IV – Intentional Infliction of Emotional Distress**

16. Defendant's failure to respond to claims, coupled with its host's violent and harassing behavior, caused Plaintiff severe distress, depression, and loss of an intimate relationship.

**Count V – Violation of Consumer Protection Laws (UCL – Cal. Bus. & Prof. Code § 17200)**

17. Airbnb advertised AirCover as providing protection it failed to honor. This constitutes unfair and deceptive business practices.

---

## VI. DAMAGES

Plaintiff seeks:

- Economic damages in excess of **$7,882.75**
- Non-economic damages (emotional distress, mental anguish) of **$75,000**
- Medical and therapy expenses of **over $5000.00,** still treating.

- Punitive damages, attorney fees, and costs as allowed
- Any further relief the Court deems just and proper

---

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable.

---

**DATED:** April 12, 2025
Respectfully submitted,

**Himanshu Chopra**
Pro Se Plaintiff

Email:ritik.chopra008@gmail.com

PH: +1 3854518459
1810 Hylan Blvd

Staten Island, NY 10305

---