UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HIMANSHU CHOPRA,

Plaintiff,

v.

AIRBNB, INC., et al.,

Defendants.

Case No. 25-cv-04416-JST

**ORDER GRANTING MOTION TO COMPEL ARBITRATION; GRANTING MOTION FOR ALTERNATIVE SERVICE; DENYING MOTION FOR DISCOVERY; AND STAYING ACTION**

Re: ECF Nos. 38, 49, 58

Before the Court is Defendant Airbnb's motion to compel arbitration, Plaintiff Himanshu Chopra's ex parte motion for alternative service on Defendant Kim Bryan, and Chopra's ex parte motion to compel limited disclosures against Airbnb. ECF Nos. 38, 49, 58. The Court will grant the motion to compel arbitration, grant the motion for alternative service in part, and deny the ex parte motion for discovery.

## I.    BACKGROUND

Plaintiff Himanshu Chopra stayed at a property in Mount Vernon, New York, that he booked on Airbnb's online platform. ECF No. 20. JetBlue delivered his luggage to the Airbnb rental the day after he arrived, but Chopra was staying in the basement and was not aware of the delivery. *Id.* Chopra alleges that some delayed baggage containing items of value were not delivered due to the host, Defendant Kim Bryan, declining the delivery. *Id*. at 6. "When Plaintiff inquired about the baggage, Kim falsely denied receipt, claiming it had not been delivered." *Id.* "Later, Kim admitted possession of the baggage but refused to release it immediately, obstructing JetBlue's retrieval." *Id.* Chopra claims that when he finally received the bag days later, several valuable items were missing. *Id*. He also alleges that Kim threatened him and his fiancé. *Id.* He now brings this lawsuit against Airbnb, Bryan, and Chess Properties LLC. He makes claims for

breach of contract against Airbnb; for conversion, theft, and intentional infliction of emotional distress against Bryan and Chess Properties, LLC[1]; negligence against Airbnb, Bryan, and Chess Properties; and insurance bad faith against Airbnb.[2]  He seeks compensatory damages for the loss of his personal property, medical expenses, and emotional distress; punitive damages; and attorney's fees and costs.

Chopra filed his second amended complaint on October 1, 2025.  ECF No. 20.  Chopra filed an ex parte motion seeking expedited discovery on December 12, 2025 from Airbnb.  ECF No. 49.  Airbnb moved to compel arbitration and opposed the motion for discovery on January 15, 2026.  ECF No. 58.  Chopra filed an opposition on January 28, 2026.  ECF No. 59.  Airbnb filed a reply on February 5, 2026.  ECF No. 61.  Chopra filed an unauthorized sur-reply on February 17, 2026.  ECF No. 62.  Airbnb moved to strike the sur-reply on February 27, 2026, to which Chopra filed a response on March 2, 2026.  ECF Nos. 63 and 64.[3]

## II.     LEGAL STANDARD

### A.     Motion for Alternative Service

Rule 4(e)(1) of Federal Rules of Civil Procedure provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  "The goal of Rule 4 is to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with the service of process."  *Kohler Co. v.*

---

[1] Chopra's complaint does not provide any information about Chess Properties or explain its role in the relevant events.

[2] The insurance bad faith claim is also made against "Generali," but that person or entity is not named as a party in the complaint or otherwise described in any manner.

[3] The Court will grant Airbnb's motion to strike Chopra's unauthorized sur-reply.  ECF No. 63. "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," except under circumstances not present here.  Civ. L.R. 7-3(d).  Chopra did not seek leave of court before filing his sur-reply.  Even if he had sought leave, moreover, it would have been denied.  "Although the court may in its discretion permit the filing of a sur-reply, this discretion should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  *Warren v. City of Chico*, No. 2:21-CV-00640-DAD-DMC, 2024 WL 4803960, at *1 (E.D. Cal. Nov. 15, 2024) (citation and quotation omitted).  Chopra offered no such reason.

United States District Court
Northern District of California

*Domainjet, Inc.*, 2012 WL 716883, at *1 (S.D. Cal. Mar. 5, 2012) (quoting *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992)) (internal quotation marks omitted). "Due Process requires that any service of notice be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Aevoe Corp. v. Pace*, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### B.    Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") applies to written contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2. Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision reflects "both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quotation marks and citations omitted).

On a motion to compel arbitration, the Court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4). If the Court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the [C]ourt shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. If, however, "the making of the arbitration agreement" is "in issue, the court shall proceed summarily to the trial thereof." *Id.* Until a trial on arbitrability is held, "any motion to compel arbitration" must be held "in abeyance until the factual issues have been resolved." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 672 (9th Cir. 2021).

On a motion to compel arbitration, "courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *Id.* at 670. "Courts may consider evidence outside of the pleadings, such as declarations and other documents filed with the court." *Burger v. Northrop Grumman Sys. Corp.*, No. 21-cv-06761-ABM-RWX, 2021 WL 8322270, at *4 (C.D. Cal. Oct. 27,

2021). Under Rule 56, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The Court must "give to the opposing party the benefit of all reasonable doubts and inferences that may arise." *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004) (citations omitted). If the parties contest the existence of an arbitration agreement, courts "generally . . . apply state-law principles of contract interpretation to decide whether a contractual obligation to arbitrate exists." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Under California law, contract formation requires mutual assent. *See Binder v. Aetna Life Ins. Co.*, 75 Cal. App. 4th 832, 850 (1999); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014) (holding that mutual assent is "a required element of contract formation."). "Mutual assent may be manifested by written or spoken words, or by conduct . . . and acceptance of contract terms may be implied through action or inaction." *Knutson*, 771 F.3d at 565 (internal quotations and citations omitted). "Accordingly, an offeree, knowing that an offer has been made to him but not knowing all of its terms, may be held to have accepted by his conduct, whatever terms the offer contains." *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 992–93 (1972) (citations omitted).

**C.    Motion for Early Discovery**

"Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). "And the court may also set the timing and sequence of discovery." *Id.* at 599 (citing Fed. R. Civ. P. 26(d)). The decision of whether to grant early discovery under Rule 26(d) is within the Court's broad discretion. *Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010). "The Ninth Circuit uses the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *Grooms v. Legge*, No. 09CV489-IEG-POR, 2009 WL 704644, at *12 (S.D. Cal. Mar. 17, 2009).

United States District Court
Northern District of California

### III.   DISCUSSION

#### A.   Motion for Alternative Service

Chopra seeks to serve Defendant Kim Bryan either by certified mail or by emailing the summons and complaint to Brent M. Reitter, counsel for Airbnb.  ECF No. 38.  He submits evidence that a process server attempted to serve Bryan at her last known address (which is also the residence at which the events underlying this case took place) on eight separate occasions without success.  ECF No. 38-2 at 2.

Under Federal Rule of Civil Procedure 4(e)(1), plaintiffs may serve an individual located within the United States by using any method allowed by the law of the state in which the district court is located.  Fed. R. Civ. P. 4(e)(1).  California—the state in which the Court sits—allows for five basic methods of service: (1) personal delivery to the party; (2) delivery to someone else at the party's usual residence or place of business; (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication.  Cal. Code Civ. Proc. §§ 415.10-50.  Alternatively, California Code of Civil Procedure Section 413.30 permits the court to "direct that the summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that such proof of service be made as prescribed by the court."  Cal. Code Civ. Proc. § 413.30.

Prior to seeking alternative service of process under Cal. Civ. Proc. Code § 413.30, Plaintiff must first demonstrate that Plaintiff exercised "reasonable diligence" in attempting to serve Defendant through other means of service specified in the California Civil Code of Procedure, including "personal delivery . . . to the person to be served."  Cal. Civ. Proc. Code § 415.10(a).  "Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1391–92 (1992) (quoting *Espindola v. Nunez* 199 Cal.App.3d 1389, 1392 (1988)).

The Court finds that Chopra has exercised reasonable diligence to serve Bryan and therefore grants permission to serve Bryan via certified mail at her last known address.  Chopra's request to effectuate service by emailing the complaint and summons to attorney Reitter is denied

United States District Court
Northern District of California

because, among other reasons, there is no evidence that Reitter is serving as Bryan's counsel.

### B.    Motion to Compel Arbitration

Airbnb moves to compel Chopra to arbitration based on the Airbnb terms of service, which contains an arbitration agreement that covers the claims in this case.  ECF No. 58 at 2-3.  "When a party petitions a court to compel arbitration under the FAA, 'the district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue.  If the answer is yes to both questions, the court must enforce the agreement.'"  *Tillman v. Tillman*, 825 F.3d 1069, 1073 (9th Cir. 2016) (quoting *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004)).  Here, Chopra agreed to an arbitration clause when he signed up for an account on Airbnb's portal that applied to all claims brought against Airbnb in the United States.  ECF No. 58 at 2–3; ECF No. 58-5 ¶ 10.  The agreement applies to virtually all actions relating to the use of Airbnb, including stays at properties listed on the platform.  *Id*. at 1, §§ 10, 23.6.

Chopra does not dispute that he assented to Airbnb's terms of use and, by extension, the arbitration agreement.  However, he makes five arguments against Airbnb's motion to compel: that the agreement is procedurally and substantively unconscionable; that the delegation clause is invalid; that Airbnb has denied the discovery necessary to determine the motion to compel; that Airbnb has spoliated evidence; that granting the motion to compel would result in piecemeal litigation because not all of his claims are subject to the arbitration agreement; and that Chopra's claims for public injunctive relief are non-arbitrable.  ECF No. 59.  The Court addresses these arguments in turn.

"Under California law, an arbitration agreement is unconscionable only if it is both procedurally and substantively unconscionable."  *Kersting v. UnitedHealth Grp.*, No. 23-CV-159 TWR (AHG), 2023 WL 4305127, at *7 (S.D. Cal. June 29, 2023) (citation modified).[4]  "An arbitration provision is substantively unconscionable if it is 'overly harsh' or generates 'one-sided' results."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280–81 (9th Cir. 2006) (quoting

---

[4] The parties assume that California law applies and the Court therefore does likewise.

*Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)).  Chopra argues that the agreement is substantively unconscionable because it "delegates arbitrability exclusively to the arbitrator"; "restricts discovery despite platform-controlled evidence"; and "effectively immunizes Airbnb from public accountability."

None of these arguments support a finding of substantive unconscionability.  The Ninth Circuit holds that "to sufficiently challenge a delegation provision, the party resisting arbitration must specifically reference the delegation provision and make arguments challenging it." *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1011 (9th Cir. 2023).  Where a plaintiff "make[s] no effort to explain *how* the delegation clause is substantively unconscionable," such an argument fails.  *Gil Abrahem Swigi et al v. VinFast Auto, LLC et al. Additional Party Names: Joseph Mizrahi*, No. CV 25-05560-MWF (ASX), 2025 WL 4649520, at *5 (C.D. Cal. Oct. 28, 2025).  Chopra does not explain how the delegation clause is unconscionable.

The Court does not know what Chopra means when he states the agreement "restricts discovery despite platform-controlled evidence" because he neither identifies a relevant passage in the arbitration agreement, cites any case authority, nor states what discovery he would seek.  Even if he had, however, the fact that there might be limitations on discovery, standing alone, would not compel a finding of unconscionability.  "Because arbitration is meant to be a streamlined procedure, parties may agree to limit the number of depositions and impose other restrictions." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1270 (9th Cir. 2017) (citation modified).  To support a finding of unconscionability, a plaintiff must show that discovery limitations would leave him unable to obtain the information he needs.  *See Longboy v. Pinnacle Prop. Mgmt. Servs., LLC*, 718 F. Supp. 3d 1004, 1019 (N.D. Cal. 2024) (noting that the court "must balance the desirable simplicity of limiting discovery with the need for discovery sufficient to adequately arbitrate the statutory claim" (citation modified)).  Chopra has not done so.  The Court was unable to find any reference to discovery in the agreement itself, and Chopra does not argue that the Consumer Arbitration Rules, which Airbnb's terms of use incorporate, limit discovery in any relevant way.  Absent this information, the Court cannot find the agreement substantively unconscionable on this ground.

Regarding Chopra's last point, there is no denying that arbitration provides less public accountability, and it has frequently been criticized on that basis.[5] But Chopra cites no authority, and the Court is aware of none, finding an arbitration agreement substantively unconscionable on that basis.

Because the Court does not find substantive unconscionability, it need not address the question of procedural unconscionability.

Chopra's argument regarding limitations on discovery, whatever those might be, also are not a ground for denying the motion to compel. Chopra's must make his arguments regarding discovery and alleged spoliation of evidence to the arbitrator, not to this Court. "If the motion to compel arbitration is granted and the 'dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators.'" *Miceli v. Citigroup, Inc.*, No. 215CV01962GMNVCF, 2016 WL 1170994, at *2 (D. Nev. Mar. 22, 2016) (quoting *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002). Chopra's argument regarding injunctive relief is also unavailing, since he does not seek such relief in his complaint.

Finally, Chopra argues that courts do not permit arbitration when, as here, there are defendants who are not seeking arbitration and so arbitration of Airbnb's claims would require piecemeal resolution of the dispute. ECF No. 59.[6] Chopra's position is not supported by the case law. The Supreme Court has made clear that the FAA "require[s] that if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation." *KPMG LLP v. Cocchi*, 565 U.S. 18, 19 (2011).

Accordingly, the Court will grant Airbnb's motion to compel arbitration.

---

[5] *See, e.g.*, Jean R. Sternlight, *Creeping Mandatory Arbitration: Is It Just?*, 57 Stan. L. Rev. 1631, 1661 (2005). ("Even if it could be shown that mandatory arbitration were beneficial for many or potentially all consumers and employees who had claims, some argue it would still be detrimental to society in that it curtails the use of public (sometimes jury) trials and eliminates the development of public precedent. As a corollary, such critics note that to the extent mandatory arbitration eliminates class actions, it also diminishes the public's opportunity to use the public justice system to enforce public laws.").

[6] Chopra cites an inapposite case in support of this proposition, *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013), which only references when a party who did not sign the arbitration agreement may nonetheless be compelled to participate in arbitration.

United States District Court
Northern District of California

### C.   Ex Parte Motion for Limited Disclosures

Chopra is seeking early discovery from Airbnb for "host-verification and entity-identification information concerning the Airbnb listing identified as 'Chess Properties LLC'" through an ex parte motion. ECF No. 49 at 1–2. Chopra is seeking information about Defendant Chess Properties LLC so he can serve them. *Id*. Airbnb asked the Court to stay review of the discovery dispute before adjudicating the motion to compel arbitration as responsibility for discovery lies with the arbitrator when a dispute is arbitrable. ECF No. 57. As the claims against Airbnb must be arbitrated, the discovery disputes against Airbnb too must be resolved by the Arbitrator. *C.f. Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (holding that participating in ongoing district court proceedings when a dispute may be arbitrable causes substantial prejudice to defendants, and a stay of all district court proceedings is warranted when there is an ongoing determination of the arbitrability of a dispute.).

Therefore, the motion is denied without prejudice.

### CONCLUSION

For the foregoing reasons, the Court grants Airbnb's motion to compel arbitration. Chopra's motion for early discovery, ECF No. 49, is denied as moot. The Court also grants Airbnb's request to stay this action pending arbitration. *LocateAI Realty Inc. v. Brewster*, No. CV-25-04959-PHX-JZB, 2026 WL 1465525, at *6 (D. Ariz. May 26, 2026) ("Pursuant to the FAA, upon determining that an issue in a pending action is subject to a mandatory arbitration provision, a federal court 'shall . . . stay the action until such arbitration has been had.'" (quoting 9 U.S.C. § 3)). The stay shall not prevent Chopra from effectuating service on Bryan pursuant to the terms of this order.

The parties shall submit status reports to the Court within ninety days of the filing date of this order, and additional joint status reports every ninety days thereafter, apprising the Court of the status of the arbitration proceedings. Within fourteen days of the completion of the arbitration

/ / /

/ / /

/ / /

9

proceedings, the parties shall jointly submit to the Court a report advising the Court of the outcome of the arbitration, and a request that the case be dismissed or that the case be reopened and a case management conference be scheduled.

**IT IS SO ORDERED.**

Dated:  June 3, 2026



JON S. TIGAR
United States District Judge